FILED

NOT FOR PUBLICATION

JAN 10 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARIS CHERER, | No. 09-16077 |
| Plaintiff - Appellant, | D.C. No. 2:06-CV-00502-PMP-LRL |
| v. | |
| DEPUTY CHIEF FRAZIER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Paris Cherer, a federal prisoner, appeals pro se from the district court's

summary judgment and judgment as a matter of law in his 42 U.S.C. § 1983 action

alleging constitutional violations arising from his confinement at the Las Vegas

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).  Accordingly, Cherer's
request for oral argument is denied.

Detention Center. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 938 (9th Cir. 2009). We may affirm on any ground supported by the record. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009), *cert. denied*, 131 S. Ct. 79 (2010). We affirm.

Defendants were entitled to qualified immunity on Cherer's claims concerning confinement in Intake Room 7A, where Cherer could be viewed by female guards and inmates, because there was no clearly established law at the time to give defendants notice that their conduct violated any constitutional right. *See Pearson v. Callahan*, 555 U.S. 223, 243-45 (2009) (officers were entitled to qualified immunity because their actions did not violate clearly established law); *Grummet v. Rushen*, 779 F.2d 491, 494-95 (9th Cir. 1985) (no constitutional violation where female officers had restricted views of male prisoners while disrobing, showering, and using toilet). Accordingly, summary judgment was proper on these claims.

The district court properly granted summary judgment on Cherer's claim concerning the removal of his mattresses because Cherer conceded that he was given another mattress within hours of when the mattresses were taken. *See Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) ("'The circumstances,

nature, and duration of a deprivation of [] necessities must be considered in determining whether a constitutional violation has occurred.'" (citation omitted)).

The district court properly granted judgment as a matter of law on Cherer's claim concerning denial of access to hygiene supplies because the evidence showed that defendants either took steps to remedy the problem once they learned about it or were not personally involved in the violations, and thus no reasonable juror could find that defendants violated Cherer's constitutional rights. *See Mangum*, 575 F.3d at 939 (judgment as a matter of law is proper "'if no reasonable juror could find in the non-moving party's favor'" (citation omitted)); *Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th Cir. 1995) (setting forth deliberate indifference standard); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

Summary judgment was also proper against defendants in their official capacities. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) (a claim against a public official in his or her official capacity is the same as a claim against the governmental entity); *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (a municipality is liable under § 1983 only if the unconstitutional conduct is caused by a municipal policy or custom, or by a failure to train officials properly);

09-16077

*Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (there is no municipal liability if there is no underlying constitutional violation).

We do not address Cherer's claims concerning the temperature of Intake Room 7A, the denial of his legal papers, and outdoor exercise, because Cherer did not specifically and distinctly argue these claims in his opening brief. *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) ("'We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .'" (citation omitted)).

Cherer's remaining contentions are unpersuasive.

**AFFIRMED.**

09-16077